**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| SERENA HAMLIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 2:25-cv-01801 |
| v. | ) | |
| | ) | Chief Judge Cathy Bissoon |
| ARCOSA, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

# MEMORANDUM AND ORDER

## I. MEMORANDUM

For the reasons that follow, costs and attorney fees will be awarded to Defendants McConway & Torley and William DelTondo (together, the "M&T Defendants") in the amount of $15,014.19, and to Defendant Arcosa, Inc. ("Arcosa") in the amount of $6,473.50.

### A. Relevant Background

Upon Plaintiff failing to appear for her June 22, 2026 deposition, M&T Defendants filed a Rule 37(d) Motion for Sanctions (Doc. 36). Arcosa filed a combined Motion to Join M&T Defendants' Rule 37(d) Motion for Sanctions and Motion to Dismiss for Failure to Prosecute (Doc. 38) the following day. After Plaintiff responded to the motions and the Court conducted a hearing on July 13 and 17, the Court granted Defendants' motions, in part, to the extent that they sought from Plaintiff (1) attorney fees and other costs incurred in connection with Defendants' appearance at the June 22 deposition, (2) the court reporter's wasted appearance fee and (3) fees associated with the sanction motions. See July 6 Order (ECF No. 39); July 13 Order (ECF No. 43); July 17 Order (ECF No. 47). To determine the sanction award amounts, the Court ordered Defendants to file adequately-supported petitions identifying qualifying fees and costs. M&T Defendants' Petition for Reasonable Attorneys' Fees and Costs (Doc. 49) (the "M&T

Petition") and Arcosa's Petition for Attorney Fees (Doc. 48) (the "Arcosa Petition"), along with Plaintiff's Response (Doc. 51), followed.

The M&T Petition, accompanied by the Declaration of Katerina P. Vassil attaching invoices from the law firm Babst, Calland, Clements & Zomnir, P.C ("Babst Calland") and Quality Court Reporting, seeks a $17,902.12 sanctions award. M&T Pet. (Doc. 49) ¶¶ 13-15; Vassil Decl. (Doc. 49-2) ¶ 3. The Arcosa Petition seeks an additional $8,107.00 award, supported by the Declaration of Terri Imbarlina Patak, which attached invoices from the firm of Ogletree, Deakins, Nash, Smoak & Stewart, P.C. ("Ogletree Deakins") to Arcosa. Arcosa Pet. (Doc. 48) ¶ 5; Patak Decl. (Doc. 48-1) ¶ 3. Plaintiff objected to $10,418.12 of Defendants' cumulative request, also asking the Court to reduce the final award amount by an across-the-board percentage "to account for block billing, the volume of intra-firm communications, client reporting[] and the rates Defendants have not supported . . . ." Resp. (Doc. 51) at 12-13.

**B. Hourly Rates of Defendants' Attorneys**

The invoices attached to the Vassil Declaration show that the Babst Calland attorneys—including Vassil, Stephen Antonelli and Janet Meub—bill at hourly rates ranging from $270.00 to $465.00.[1] Patak's hourly rate in the Ogletree Deakins invoices was $605.00. With regard to attorney experience, Patak has been admitted to the Pennsylvania bar for over 30 years, Antonelli and Meub both for over 20 years, and Vassil for approximately 22 months.[2]

---

[1] Antonelli bills at $465.00 per hour, Meub bills at $425.00 per hour and Vassil bills at $270.00 per hour.

[2] To determine years of experience, the Court took judicial notice of each attorney's "Public Information" page published by the Disciplinary Board of the Supreme Court of Pennsylvania at the following webpages: https://www.padisciplinaryboard.org/for-the-public/find-attorney/attorney-detail/65610 (for Patak); https://www.padisciplinaryboard.org/for-the-public/find-attorney/attorney-detail/202133 (for Antonelli); https://www.padisciplinaryboard.org/for-the-public/find-attorney/attorney-detail/88724 (for Meub); https://www.padisciplinaryboard.org/for-the-public/find-attorney/attorney-detail/335989 (for Vassil). <u>See</u> <u>Feingold v. Graff</u>, 516 F. App'x 223, 226 (3d Cir. 2013) (holding that the

"A party seeking attorney fees bears the ultimate burden of showing that its requested hourly rates . . . are reasonable." Interfaith Cmty. Org. v. Honeywell Int'l, Inc., 426 F.3d 694, 703 n.5 (3d Cir. 2005) (citing Rode v. Dellarciprete, 892 F.2d 1117, 1183 (3d Cir. 1990)). Babst Calland made a prima facie showing that its rates were reasonable by representing that they were "commensurate with hourly rates of attorneys with similar experience specializing in the areas of labor and employment law in the relevant market." Vassil Decl. ¶ 4. The same representation is also stated in the Arcosa Petition concerning Patak's rate. Arcosa Pet. ¶ 4. Given the relative experience of the attorneys at issue, the Court considers the rates utilized in the invoices to be reasonable. Therefore, and because Plaintiff has not adduced any evidence contrary to the representations by Defendants' counsels, the Court generally will not disturb the reasonable rates appearing in the submitted invoices.[3] See Washington v. Phila. Cnty. Ct. of Common Pleas, 89 F.3d 1031, 1036 (3d Cir. 1996) ("Where, as here . . . the opposing party has not produced contradictory evidence, the district court may not exercise its discretion to adjust the requested rate downward.").

**C. Arcosa's Unsuccessful Motion to Dismiss for Failure to Prosecute**

Plaintiff objects to Arcosa receiving attorney fees in connection with Arcosa's unsuccessful Motion to Dismiss for Failure to Prosecute. Resp. at 5-6. The Court agrees with Plaintiff that, given the Motion to Dismiss's failure, time spent on it was irrelevant and unnecessary to Arcosa's successful Motion to Join M&T Defendants' Rule 37(d) Motion for Sanctions and, therefore, not now recoverable. Accordingly, the Court will not award sanctions

---

District Court did not abuse its discretion by taking judicial notice of an attorney's disciplinary history available on the Disciplinary Board of the Supreme Court of Pennsylvania in connection with a motion to dismiss).

[3] Although the hourly rates reflected in the invoices are reasonable, the Court still will exercise its discretion to reduce Meub's hourly rate for certain tasks as is discussed in section **I.E**, *infra*.

for time that was spent preparing or otherwise litigating Arcosa's Motion to Dismiss and, to the extent that Patak's invoice time entries did not distinguish between the Motion to Join and the Motion to Dismiss, only half the time for those block-billed entries will be awarded. See Pub. Int. Rsch. Grp. of N.J., Inc. v. Windall, 51 F.3d 1179, 1188 (3d Cir. 1995) ("The district court should review the time charged, decide whether the hours set out were reasonably expended for each of the particular purposes described and then exclude those that are 'excessive, redundant[] or otherwise unnecessary.'" (quoting Hensley v. Eckerhart, 461 U.S. 424, 433-34 (1983))). The below Ogletree Deakins time entries are impacted:

| **Date** | **Timekeeper** | **Description** | **Hours** | |
|---|---|---|---|---|
| | | | Claimed | Awarded |
| 6/30/26 | Patak | Strategize regarding motion for sanctions and/or failure to prosecute. | 0.50 | 0.25 |
| 7/1/26 | Patak | Draft motion to join motion for sanctions and motion to dismiss for failure to prosecute. | 2.50 | 1.25 |
| 7/6/26 | Patak | Communicate with Josh Ward regarding Motion to Dismiss Arcosa. | 0.40 | 0.00 |
| 7/6/26 | Patak | Strategize with co-counsel regarding motion for sanctions and Motion to Dismiss Arcosa. | 0.20 | 0.10 |
| 7/10/26 | Patak | Review and analyze Plaintiff's Omnibus Response to Defendants' Motion for Sanctions and Motion to Dismiss. | 1.00 | 0.50 |

**D. Duplicative Hearing Attendance**

Two attorneys—Antonelli and Vassil—appeared on behalf of M&T Defendants at each day of the sanctions hearing. Plaintiff now objects to M&T Defendants' recovery of fees for Vassil's time spent preparing and attending the sanctions hearing, arguing that Vassil and Antonelli's efforts were redundant. Resp. at 9-10. Having reviewed the challenged time entries, the Court agrees that Antonelli and Vassil's preparation and hearing attendance efforts were not

adequately distinguished to warrant recovery of both attorneys' fees—especially given Antonelli's more than two decades of experience.[4]

Because Antonelli and Vassil's preparation and appearances at the sanctions hearing were unreasonably duplicative, the sanctions award will not include Vasil's duplicative entries. The below time entries will be adjusted:

| Date | Timekeeper | Description | Hours | |
|---|---|---|---|---|
| | | | Claimed | Awarded |
| 7/10/26 | Vassil | Review motions for sanctions and billing records in preparation for upcoming sanctions hearing. | 0.40 | 0.00 |
| 7/12/26 | Vassil | Review motions for sanctions, correspondence, and case information in preparation for sanctions hearing. | 1.20 | 0.00 |
| 7/13/26 | Vassil | Attend hearing on pending motions for sanctions, including travel to and from court. | 2.00 | 0.00 |
| 7/16/26 | Vassil | Prepare documents for sanctions hearing. | 0.20 | 0.00 |
| 7/17/26 | Vassil | Prepare and review documents for sanctions hearing. | 0.30 | 0.00 |
| 7/17/26 | Vassil | Travel to and from and attend sanctions hearing. | 2.20 | 0.00 |

Notwithstanding the above adjustments, there is no basis for applying an overarching "percentage reduction" to Antonelli's hearing preparation fees, as Plaintiff suggests.

**E. Preparation of M&T Defendants' Rule 37(d) Sanctions Motion**

Plaintiff asserts that Babst Calland's total 18.4 hours spent preparing M&T Defendants' Rule 37(d) Motion are unreasonable and should be reduced for the purposes of the sanctions

[4] For the portion of the sanctions hearing held on July 13, Antonelli's one hour to "[p]repare for hearing on sanctions motion" cannot be differentiated from Vassil's 24 minutes "[r]eview[ing] motions for sanctions and billing records in preparation for upcoming sanctions hearing" and 72 minutes "review[ing] motions for sanctions, correspondence, and case information in preparation for sanctions hearing." Vassil Decl. Ex. 1 at 12-13. Similarly, for the July 17 appearance, the Court has no basis to distinguish Antonelli's half-hour spent "[p]repar[ing] for continued hearing on sanctions motion" from Vassil's 12 minutes "prepar[ing] documents for sanctions hearing" and 18 minutes "[p]repar[ing] and review[ing] documents for sanctions hearing." Id. at 13. Having presided over the sanctions hearing, the undersigned also observed no indicia that these two attorneys' roles were compartmentalized or otherwise not redundant.

award. Resp. at 8. The Court's review of the implicated time entries revealed problematically redundant efforts amongst the Babst Calland attorneys.[5] In particular, the billing records reveal overlap in "review" efforts by Meub and Antonelli. Given each of these attorneys' extensive experience, "it would not have been unreasonable to expect" one of them to prepare the motion "alone or with the help of an associate." Lanni v. New Jersey, 259 F.3d 146, 151 (3d Cir. 2001). Consistent with the guidance of the Court of Appeals for the Third Circuit in such situations, although Antonelli's drafting and review fees will be awarded in full, the Court will reduce Meub's rate to be commensurate with Vassil's associate rate for the motion's preparation. See Evans v. Port Auth., 273 F.3d 346, 362 (3d Cir. 2001) ("For those tasks where it is abundantly clear that the time of two attorneys was reasonably required, we have suggested that 'awarding fees for one partner's time multiplied by an associate's rate may be justifiable.'" (quoting Lanni, 259 F.3d at 151)). The following four time entries are impacted:

| Date | Timekeeper | Description | Hours | Awarded Rate |
|---|---|---|---|---|
| 6/26/26 | Meub | Prepare Motion for Rule 37(d) Sanctions and Order of Court. | 5.30 | $270.00 |
| 6/26/26 | Meub | Research available sanctions for party's failure to attend deposition to include in Motion for Sanctions | 1.00 | $270.00 |
| 6/29/26 | Meub | Review additional drafts of motion for sanctions to confirm conversations with plaintiff's counsel. | 0.70 | $270.00 |
| 6/29/26 | Meub | Review e-mails for communications with plaintiff's counsel that we may want to attach to motion for sanctions and forward to K. Vassil. | 0.70 | $270.00 |

[5] For example, Meub spent 5.30 hours on June 26 "[p]repar[ing] [the] Motion for Rule 37(d) Sanctions and Order of Court" but then, on June 28, Antonelli spent an additional 1.3 hours "[r]eview[ing] and revis[ing] [the] draft motion" and Vassil spent an additional 3.70 hours the next day "[r]eview[ing] and revis[ing] [the] motion for sanctions." Vassil Decl. Ex. 1 at 7. Vassil yet again returned to the document on June 30 to "[r]evise, finalize[] and file motion for sanctions." Id. at 8.

**F. Other Specific Objections**

Plaintiff challenges time spent by Patak for "follow up strategy" tasks and "[c]oordinat[ing] strategy for next steps" with M&T Defendants' counsel. Resp. at 4-6. These fees are directly attributable to Plaintiff's actions, i.e., Plaintiff's nonappearance for her deposition and the subsequent need to prepare the sanctions motion. Plaintiff's argument that Arcosa should not be compensated for these reasonable fees, therefore, is not well taken. The Court nevertheless agrees with Plaintiff that time expended "[s]trategiz[ing] regarding next steps in light of counsel termination" arises from circumstances other than Plaintiff's failure to appear for her deposition and fees will not be awarded for the 12 minutes Patak incurred on that task. See Patak Decl. Ex. A (Doc. 48-2) at 4.

Plaintiff argues that the 6.6 hours billed by M&T Defendants' counsel in connection with the preparation of the M&T Petition were unreasonable. Resp. at 10-11. Having carefully reviewed the individual time entries associated with the M&T Petition's preparation, which included time spent collecting and redacting the invoice exhibits, drafting the petition and internal conferral, see Vassil Decl. Ex. 1 at 13-14, the Court is convinced that these fees were reasonable and otherwise compensable as billed.

Plaintiff claims that Defendants should not be permitted to recover fees incurred to reschedule court-ordered mediation in this case. Resp. 6-7. The Court disagrees. Mediation in this case was originally ordered to occur on or before June 10, 2026. See Mar. 20 Order (ECF No. 23). The parties agreed that Defendants would have an opportunity to depose Plaintiff before mediation. See Joint Mot. to Extend (Doc. 28) ¶¶ 6. Indeed, the Court permitted extension of the mediation deadline to accommodate Plaintiff's June 22 deposition. See id. ¶¶ 7, 10; June 11 Order (ECF No. 30). After Plaintiff failed to appear at the June 22 deposition, the

parties were, again, required to arrange a new mediation date. See Joint Mot. to Extend (Doc. 52) ¶¶ 5-10. Because it was Plaintiff's failure to be deposed that caused this otherwise-unnecessary expenditure of fees by Defendants—including communications with clients, whose attendance at the mediation was mandatory—these reasonable fees will be included in the Court's sanction award.

**G. Costs**

Plaintiff objects to M&T Defendants' attempt to recoup a $65.72 Westlaw charge that Vassil claims was necessary for legal research in support of M&T Defendants' Rule 37(d) Motion. Resp. at 8; Vassil Decl. ¶ 3; Vassil Decl. Ex. 1 at 8. Notwithstanding that this Westlaw charge appears on Babst Calland's contemporaneous client invoice, Plaintiff posits, without evidentiary support, that such research charges are "ordinarily treated as overhead subsumed within the hourly rate." Resp. at 8. Bordering on non sequitur, Plaintiff also speculates that, despite M&T Defendant's representation that the Westlaw charge was incurred in connection with the Rule 37(d) Motion, it was not "caused by" Plaintiff's failure to appear and is therefore not compensable. Id. Plaintiff's unsupported speculation about this reasonable cost is inadequate to disqualify it.

The Court also disagrees with Plaintiff's argument that the court reporter's $15.40 original transcript fee should be excluded from the sanction award. Resp. at 8; see also Vassil Decl. Ex. 2 (Doc. 49-4). Under the circumstances, the Court has no reason to doubt that the production of an original transcript was reasonable and necessary here—especially given the

possibility of disputes following the Rule 37(d) motion. Plaintiff shall reimburse M&T Defendants for the Quality Court Reporting invoice in its full $196.97 amount.

**H. Lodestar Calculation**

Courts typically apply the lodestar method of calculating reasonable attorney's fees awarded as discovery sanctions under Rule 37. See, e.g., Conexus Metals, LLC v. CRH Can. Grp., Inc., No. 2:24-cv-01770, 2026 WL 1593208, at *2 (W.D. Pa. Apr. 17, 2026), *report and recommendation adopted,* 2026 WL 1593184 (W.D. Pa. May 26, 2026); Donaldson v. Informatica Corp., No. 2:09-cv-00804, 2011 WL 3360200, at *1 (W.D. Pa. Aug. 3, 2011); Swain v. Encore Med. Corp., No. 3:04-cv-00174, 2006 WL 3692593, at *1 (W.D. Pa. Dec. 12, 2006). The lodestar formula "requires multiplying the number of hours reasonably expended by a reasonable hourly rate." Loughner v. Univ. of Pittsburgh, 260 F.3d 173, 177 (3d Cir. 2001) (citations omitted). Except as otherwise held above, counsels' rates were reasonable and, upon the Court's line-by-line review of the invoices, the claimed time was reasonably expended. The total lodestar for M&T Defendants' fees is $14,751.50, calculated as follows:

| | Time (in hours) | Hourly Rate | Lodestar |
|---|---|---|---|
| Antonelli | 16.4 | $465.00 | $7,626.00 |
| Meub | 1.9 | $425.00 | $807.50 |
| Meub | 7.7 | $270.00 | $2,079.00 |
| Vassil | 15.7 | $270.00 | $4,239.00 |

For Arcosa, the total lodestar is $6,473.50, accounting for the 10.7 hours that Patak reasonably incurred at her $605.00 rate.

"A District Court has substantial discretion in determining what constitutes a reasonable rate and reasonable hours, but once the lodestar is determined, it is presumed to be the reasonable fee." Lanni, 259 F.3d at 149 (citing Rode, 892 F.2d at 1183). Beyond excluding unreasonably expended time, which was already achieved by the Court's adjustments in the proceeding sections of this Memorandum, Plaintiff has not met her burden of proving that a further

percentage reduction of the lodestar is appropriate. Rode, 892 F.2d at 1183 ("The party seeking adjustment has the burden of proving that an adjustment is necessary."). Accordingly, the lodestar will be awarded to each defendant, with M&T Defendants also awarded $262.69 in costs.

## II. ORDER

For the above reasons, M&T Defendants' Petition For Reasonable Attorneys' Fees and Costs (Doc. 49) is **GRANTED IN PART AND DENIED IN PART** and Arcosa's Petition for Attorneys' Fees (Doc. 48) is **GRANTED IN PART AND DENIED IN PART**. It is further **ORDERED** that M&T Defendants be paid attorney fees and costs in the total amount of $15,014.19 and Arcosa be paid attorney fees in the total amount of $6,473.50. Plaintiff shall remit payment of the full awarded amounts within 90 days of the entry of this Order.

IT IS SO ORDERED.

September 1, 2026

s/Cathy Bissoon
Cathy Bissoon
Chief United States District Judge

cc (via ECF email notification):
All Counsel of Record